UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ABBEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-06443-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 69 |

　　　　Plaintiffs are current and former San Francisco Police Department (SFPD) employees who worked at Building 606 at the former Hunters Point Naval Shipyard (HPNS) in San Francisco. Plaintiffs include those SFPD employees' spouses and domestic partners, as well as surviving family members or personal representatives of deceased former employees. The employee plaintiffs are alleged to have been exposed to "unsafe levels of radioactive and otherwise hazardous substances" at Building 606 because of the Navy's negligent acts. Dkt. No. 33 (FAC) ¶ 1. Plaintiffs allege claims against the United States for (1) negligent undertaking, negligent failure to warn, negligence per se, negligent misrepresentation; (2) public nuisance; (3) loss of consortium; (4) wrongful death; (5) negligent infliction of emotional distress -- fear of cancer; and (6) intentional infliction of emotional distress. *Id*. ¶¶ 197-265.

　　　　The United States has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. No. 69. The United States says that the claims are not within the waiver of sovereign immunity under the Federal Tort Claims Act because they are

subject to several waiver exceptions, 28 U.S.C. §§ 1346(b), 2671-80. *Id*. The parties' familiarity with the facts is assumed, and the complaint is dismissed with leave to amend.

## DISCUSSION

As an initial matter, there is a disconnect between the allegations in the complaint and plaintiffs' arguments in opposition to the motion to dismiss. In the opposition brief, plaintiffs say that they "are not presently asserting any claims that the Navy is vicariously liable for Tetra Tech's conduct," and they are instead claiming that "the Navy is directly liable for its own negligence in failing to adequately monitor and oversee Tetra Tech's disclosures." Dkt. No. 76 at 6 & 7 n.5. But the FAC alleges that the Navy "contracted with Tetra Tech, Inc. . . . to perform studies and review Navy records for the purpose of (1) determining whether the Building 606 Property could be safely leased to the City for use by the SFPD and (2) complying with the statutory requirement that the Navy notify the City of the full history of hazardous substances that had been used or released at the Building 606 Property." FAC ¶ 10. The FAC is also replete with allegations challenging conduct taken by "the Navy, through Tetra Tech," *see*, *e.g.*, *id*. ¶¶ 25, 83, 93-99, 127-28, as well as by "Tetra Tech and the Navy" together, *see*, *e.g.*, *id*. ¶¶ 23, 110. The FAC in fact expressly challenges the Navy's "direct and vicarious negligent and fraudulent concealment and misrepresentations." *Id*. ¶¶ 194-96.

The differences in the FAC allegations and plaintiffs' brief raise a material concern of "fair notice" for purposes of Federal Rule of Civil Procedure 8(a)(2). The rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Because the FAC cannot be said to provide defendant with fair notice of plaintiffs' claims, dismissal is warranted.

Confusion about (1) the relationship between the Navy and Tetra Tech, and (2) which actions taken by which actor are being challenged here, creates additional problems on the jurisdictional analysis front. Clearer allegations are needed so that the Court can properly assess the applicability of the "independent contractor exception" under 28 U.S.C. § 2671, which the United States has invoked. Dkt. No. 69 at 5. The discretionary function exception, 28 U.S.C.

§ 2680(a), also requires a "particularized analysis of the specific agency action challenged," *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002), and so any amended complaint will also need to clearly identify which specific actions taken by the Navy are being challenged here. *See Andreini v. United States*, No. 3:15-cv-01169-JD, 2017 WL 3895705, at *2 (N.D. Cal. Sept. 6, 2017).

Plaintiffs have requested an opportunity to amend, Dkt. No. 76 at 7 n.5, and the Court sees no reason why that should be denied at this early juncture, especially given Federal Rule of Civil Procedure 15(a)(2)'s mandate that the Court "should freely give leave when justice so requires." In anticipation of further pleadings, the Court notes that the misrepresentation exception, 28 U.S.C. § 2680(h), appears likely to bar at least some portion of plaintiffs' allegations as currently pleaded in the FAC. That exception is not limited to situations where plaintiffs are "claiming a financial loss in a commercial setting," as plaintiffs urge. Dkt. No. 76 at 7; *see Kim v. United States*, 940 F.3d 484, 493 (9th Cir. 2019) ("some cases have observed that the exception primarily applies to claims of economic loss flowing from commercial transactions," but "such cases do not hold that the exception *cannot* apply in other contexts"; exception properly applied "even to claims of personal injury resulting from non-fraudulent failures to warn"). Instead, the exception applies -- and bars the government's liability -- when plaintiff's claim is one "arising out of misrepresentation." *United States v. Neustadt*, 366 U.S. 696, 711 (1961) (cleaned up); *see also Esquivel v. United States*, 21 F.4th 565, 577-78 (9th Cir. 2021). That characterization would appear to fit the allegations based directly on statements made by the Navy. *See*, *e.g.*, FAC ¶¶ 221-23 (quoting specific statements made by the Navy to the City "in the 1996 Building 606 EBS," and alleging those statements were "negligent misrepresentations"). Plaintiffs' amended complaint should clearly identify those aspects of the government's conduct other than alleged misrepresentations that form the basis of plaintiffs' claims. *See Block v. Neal*, 460 U.S. 289, 298 (1983).

## CONCLUSION

Plaintiffs' first amended complaint is dismissed in its entirety, with leave to amend. Any amendment is due by April 22, 2022. This will most likely be plaintiffs' last opportunity to

3

1   amend.  No new claims or defendants may be added without the Court's prior approval.

2   **IT IS SO ORDERED.**

3   Dated:  March 23, 2022

_____
JAMES DONATO
United States District Judge